**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROSA BURGOS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-06421-JMG |
| | : | |
| JULIE KUZO, | : | |
| USPS TORT CLAIM COORDINATOR, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                      **July 26, 2021**

      Defendant Julie Kuzo removed this action after being on the wrong end of a default

judgment rendered in the Berks County Magisterial Court. The case stems from an automobile

accident in which Plaintiff Rosa Burgos struck a United States Postal Service (USPS) mail truck.

You might think Kuzo was the truck driver. Not so. Instead, she is a secretary for the USPS

who happened to speak with Burgos nearly five months after the accident, just to confirm an

address. Talk about being in the wrong place at the wrong time.

      Kuzo now asks that we vacate the state court default judgment, substitute the United

States of America as the defendant, and dismiss the case. For the reasons explained below,

Kuzo's motion will be granted.

**I.      BACKGROUND[1]**

---

[1]      Since removal, Burgos, who is proceeding *pro se*, has not appeared in this case. Both the
Court and the government have repeatedly invited Burgos to participate. The instant motion and
all notices of pretrial conferences were mailed to Burgos. The government even sent a letter to
the Berks County Magisterial District Judge who handled the case below, urging reconsideration
of the default judgment.

When Julie Kuzo picked up the phone to speak with Rosa Burgos on July 28, 2020, she probably did not think that the call would prompt a lawsuit.  But a mere four months later, Burgos named Kuzo as the sole defendant in a Pennsylvania state court complaint that contained no claims or allegations.  *See* Solomon Decl. ¶¶ 6–7, 9, ECF No. 2-1.

The complaint arises from a car accident that occurred on February 10, 2020.  That day, Burgos crashed into a USPS mail truck.  *Id.* ¶ 5.  Burgos's vehicle needed $7,118.46 in repairs thanks to the collision, so she submitted "copies of a police report, photos and a repair estimate" to the USPS.  *Id.* ¶ 6.  After the USPS received the documentation in July, Kuzo called Burgos to confirm her mailing address.  *Id.* ¶ 7.  Burgos was then sent a letter "acknowledging receipt of [her] correspondence and documents and advising her that she need[ed] to complete a Standard Form 95."[2]  *Id.* ¶ 8.

The letter ultimately returned to the USPS as undeliverable.  *Id.*  To date, Burgos has not completed a Standard Form 95; instead, on October 28, 2020, she sued Kuzo in Berks County Magisterial District Court.  *Id.* ¶ 13; *see also* Mem. 2, ECF No. 2.

On November 4, 2020, Kuzo received the complaint and a hearing notice, which she

---

Burgos finally got in touch with the government in June 2021 and informed an Assistant United States Attorney that she had moved to a new address.  Additional notices concerning the case were then mailed to Burgos's new address and sent to her email address.

Notwithstanding these efforts, Burgos has neither responded to this motion nor attended any pretrial conferences.  And, as of this date, the Berks County docket still reflects an outstanding default judgment against Kuzo.  *See* Docket, *Burgos v. Kuzo*, No. MJ-23309-CV-0000142-2020 (Berks Cnty. Com. Pl.), *available at:* https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-23309-CV-0000142-2020&dnh=0%2BlQq3tTnOVfuXrTo96%2BSg%3D%3D (last visited July 26, 2021).

[2]      "Standard Form 95 is a standard administrative complaint form.  [Federal Tort Claims Act] claimants may use this form to present their claims to the federal agency."  *See Jensen v. United States*, No. 09-2977, 2009 WL 4117357, at *1 n.2 (E.D. Pa. Nov. 24, 2009) (citing 28 C.F.R. § 14.2(a)).

forwarded to a USPS tort claim coordinator.  Solomon Decl. ¶ 9.  The following month, Kuzo

received notice of a default judgment against her in the amount of $7,295.71.  *Id.* ¶ 12; *see also*

Mem. Ex. B, ECF No. 2-2.

The case then landed in the United States Attorney's Office, which sent a letter to Burgos

"advising of the improper nature of her complaint and requesting that she move to vacate the

default judgment and dismiss the state court case."  Mem. 3; *see also* Mem. Ex. C, ECF No. 2-3.

After Burgos failed to respond, the United States removed the case on Kuzo's behalf.  *See* Mem.

3.  This motion follows.

## II.    DISCUSSION

### A.    Substituting the United States as Defendant

The Federal Tort Claims Act[3] supplies "an exclusive remedy against the United States . .

. for certain negligent or wrongful acts."  *Schrob v. Catterson*, 967 F.2d 929, 934 (3d Cir. 1992).

Indeed, federal employees acting within the scope of their employment enjoy absolute immunity

from common law tort claims.  *See id.*  Upon certification by the Attorney General that an

alleged tortfeasor was acting within the scope of his or her federal employment, the action "shall

be deemed to be an action against the United States . . . and the United States shall be substituted

as the party defendant."  28 U.S.C. § 2679(d)(1).

Here, the government certified that Kuzo was a federal employee acting within the scope

of her employment.[4]  *See* Mem. Ex. D, ECF No. 2-4.  The certification is supported by a

---

[3]    We construe Burgos's claim as an FTCA claim since it arises from the February 10, 2020
car accident.

[4]    The government similarly indicated that Albert Dalley, the USPS truck driver who
collided with Burgos, was "acting in the course and scope of employment at all times relevant to
the Complaint."  Solomon Decl. ¶ 13.

declaration from a USPS attorney.  *See* Solomon Decl. ¶ 13.  We will therefore dismiss Kuzo

from the action and grant the government's motion to substitute itself as defendant.  *See*

*McFadden v. United States*, No. 19-2900, 2021 WL 1088307, at *2 (E.D. Pa. Mar. 22, 2021)

("Upon certification, the federal employee is dismissed from the action and the United States is

substituted as a party defendant." (citing *Gutierrez de Martinez v. Lamago*, 515 U.S. 417, 420

(1995))).  The case caption will be so amended.

### B.    Vacating the Default Judgment

This case has an unusual procedural posture.  Nevertheless, we are satisfied that the

government not only had authority to remove the case after entry of a state court default

judgment but did so in a timely fashion.

Where, as here, we are presented with a tort claim against a federal employee, removal is

governed by 28 U.S.C. § 2679.  Under that statute, once the Attorney General certifies "that the

defendant employee was acting within the scope of his office or employment at the time of the

incident out of which the claim arose, any civil action or proceeding commenced upon such

claim in a State court shall be removed without bond *at any time before trial* by the Attorney

General to the district court of the United States for the district and division embracing the place

in which the action or proceeding is pending."  28 U.S.C. § 2679(d)(2) (emphasis added).  The

government has submitted the requisite certification under Section 2679, "triggering removal."

*Clark v. Wells Fargo Bank*, 585 F. App'x 817, 820 (3d Cir. 2014) (recognizing propriety of

removal under Section 2679 once "the United States Attorney's Office made the relevant

certifications"); *see* Mem. Ex. D.  And removal was still permissible even after judgment was

entered below.  *See, e.g.*, *J.K. ex rel. Kpakah v. CSX Transp.*, No. 14-729, 2014 WL 4632356, at

*1, 4 (E.D. Pa. Sept. 16, 2014) (vacating state court default judgments rendered "just hours

before" the notice of removal was docketed in federal court); *Schmalbach v. United States*, No. 1:16-cv-182, 2017 WL 1130027, at *1 (W.D. Mich. Mar. 27, 2017) ("A state court judgment subject to being set aside in state court before removal remains subject to the same hazard in federal court after removal." (internal quotation marks and citation omitted)); *Marks v. Blount-Lee*, No. 16-cv-3524, 2017 WL 3098094, at *3 (E.D.N.Y. July 20, 2017) ("[T]his Court necessarily has the power to vacate the default judgment that the state court previously entered."); *Kizer v. Sherwood*, 311 F. Supp. 809, 811 (M.D. Pa. 1970) ("[I]t is within the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case.").

So we turn to Federal Rule of Civil Procedure 60(b)(1), which permits courts to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." *See* Mem. 7. "The decision to set aside an order or judgment under Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Stroud v. Boorstein*, No. 10-3355, 2012 WL 309631, at *2 (E.D. Pa. Jan. 31, 2012) (internal quotation marks and citation omitted). When faced with a motion under Rule 60(b)(1), "a district court must consider three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Arpaio v. Dupre*, 527 F. App'x 108, 111 (3d Cir. 2013) (internal quotation marks and citation omitted).

Here, the government contends that "the state court's entry of default judgment against Ms. Kuzo, a USPS administrative assistant, based on a complaint apparently related to a motor vehicle accident in which Ms. Kuzo was not involved, yet containing no claims or allegations,

was clearly a mistake." Mem. 7. We agree and find that the three factors mentioned above each support vacatur of the default judgment entered below.

First, Burgos will not be prejudiced by our setting aside the default judgment. Prejudice exists where a "claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Sunoco, Inc. (R & M) v. Glob. Recycling & Demolition, LLC*, 300 F.R.D. 253, 256 (E.D. Pa. 2014) (internal quotation marks and citation omitted). "Delays in Plaintiff's potential recovery or potential expenses incurred from litigating the matter on the merits do not constitute the kind of prejudice the Court should consider in deciding whether to set aside an entry of default." *Id.* (internal quotation marks and citation omitted). As the government correctly recognizes, Burgos "retains every right to seek recovery for any damages she sustained in the motor vehicle accident, albeit through the procedure mandated by the FTCA." Mem. 7. Accordingly, this factor supports setting aside the default judgment.

Second, the government has a meritorious defense to the original complaint: it named the wrong party. *Cf. Zeglis v. Sutton*, 980 F. Supp. 958, 962 (N.D. Ill. 1997) (finding a "meritorious defense" where "the United States alleges that [the named defendant] is not the proper defendant and that the United States should be substituted as the defendant under the FTCA"). This factor also supports setting aside the default judgment.

Finally, the default was not the result of the government's culpable conduct. "Conduct is culpable when the conduct leading to the entry of default was willful, intentional, reckless or in bad faith." *Sunoco*, 300 F.R.D. at 257 (internal quotation marks and citation omitted). Burgos never served the government with the complaint and, "[u]pon learning of the action and the default judgment, the government promptly removed to this Court and moved to remedy the

lower court's error." Mem. 7. Indeed, nothing in the record shows that the government's conduct was motivated by bad faith.

Upon consideration of these three factors, we conclude that the default judgment should be set aside.

### C.       Lack of Subject Matter Jurisdiction

The government also asks that we dismiss the complaint for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Such a request presents either a factual challenge or facial challenge to the complaint. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). A facial challenge "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). On the other hand, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case—and here the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction." *Id.*

The government makes a factual challenge here. *See* Mem. 9. "When a factual challenge is made, the plaintiff will have the burden of proof that jurisdiction does in fact exist, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (internal quotation marks and citation omitted). "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations." *Id.* (internal quotation marks and citation omitted).

With this standard in mind, we find that dismissal is warranted. "As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied." *Knapp v. United States*, No. 3:18-1422, 2020 WL 969624, at *2 (M.D. Pa. Feb. 28, 2020) (citing 28 U.S.C. § 2675(a)). This is because the United States,

as the sovereign, is immune from suit unless it consents to be sued.  *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  "Its consent to be sued must be unequivocally expressed, and the terms of such consent define the court's subject matter jurisdiction."  *Id.* (internal quotation marks and citation omitted).

To that end, the FTCA expressly requires that a plaintiff "'first present[] the claim to the appropriate Federal agency' and receive a final denial 'by the agency in writing and sent by certified or registered mail.'"  *Knapp*, 2020 WL 969624, at *3 (quoting 28 U.S.C. § 2675(a)).  Given this "clear, mandatory language," the Third Circuit has held "that the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived."  *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (citing *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)); *see also McNeil v. United States*, 508 U.S. 106, 112 (1993) ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

Where the plaintiff has not exhausted her administrative remedies before filing suit, "a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)."  *Knapp*, 2020 WL 969624, at *3 (citations omitted).  That principle applies with full force here.  Burgos failed to present her claim to the USPS before bringing this suit, so her complaint must be dismissed on jurisdictional grounds.

III.     **CONCLUSION**

For the foregoing reasons, the Motion to Vacate, to Substitute, and to Dismiss is granted.

An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge